IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE EUGENE LOWE,

    Petitioner,                    No. 2:10-cv-0010 KJN P

    vs.

JAMES D. HARTLEY,               <u>ORDER</u>

    Respondent.

_____/

        Petitioner is a state prisoner proceeding without counsel with an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 21, 2010, respondent filed a motion to dismiss this action as barred by the statute of limitations. On July 12, 2010, petitioner filed an opposition. For the reasons set forth below, the court orders that respondent's motion be granted.

        On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

  For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

  1. Petitioner pled guilty to continuous sexual abuse of a child under fourteen years of age and providing lewd material to a minor. (Respondent's Lodged Document ("LD") 1.) On January 4, 2001, petitioner was sentenced to a determinate state prison term of sixteen years. (Id.)

  2. Petitioner appealed his sentence. The California Court of Appeal appointed counsel to represent petitioner on appeal. (LD 2.) On September 18, 2001, the California Court of Appeal, Third Appellate District, affirmed the judgment. (LD 2.)

  3. Petitioner did not seek review in the California Supreme Court.

  4. On April 1, 2009,[1] petitioner filed a petition for writ of habeas corpus in the Shasta County Superior Court. (LD 3.) The petition was denied on May 21, 2009. (LD 4.)

---

[1] Petitioner has been given the benefit of the mailbox rule for the filing dates of the petitions for writ of habeas corpus. (LD 3, 5, 7; Dkt. No. 1.) Houston v. Lack, 487 U.S. 266 (1988).

5. On July 12, 2009, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (LD 5.) The Court of Appeal denied the petition on July 16, 2009. (LD 6.)

6. Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on July 30, 2009. (LD 7.) The California Supreme Court denied the petition on December 17, 2009. (LD 8.)

7. The instant action was filed on December 27, 2009. (Dkt. No. 1.)

When a habeas petitioner does not seek review of a Court of Appeal decision affirming his conviction, the conviction is final for statute of limitations purposes forty days after the decision was issued. Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008); Cal. Ct. R. 8.366(b)(1) & 8.500(e)(1). Because petitioner did not seek review in the California Supreme Court, his conviction became final on October 28, 2001, forty days after the September 18, 2001 order by the California Court of Appeal affirming the judgment. The AEDPA statute of limitations period began to run the following day, on October 29, 2001. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, petitioner's federal petition was due on October 28, 2002.

State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Therefore, petitioner's habeas petitions filed in state court have no effect on the limitations period.

The instant petition was not filed until December 27, 2009, over seven years after the statute of limitations period expired. Accordingly, absent a later date for commencement of the limitations period authorized by Section 2244(d)(1), or a proper basis for equitable tolling, the instant petition is untimely.

The instant petition challenges the imposition of the upper term to calculate petitioner's sentence, relying on Cunningham v. California, 549 U.S. 270 (2007). In his

1 opposition, petitioner again relies on Cunningham, although he does not expressly argue that the
2 statute of limitations period should have been triggered by the Supreme Court's decision in
3 Cunningham. On January 22, 2007, the Supreme Court held that California's Determinate
4 Sentence Law, which permitted the judge rather than the jury to make findings to support the
5 imposition of the upper term, violates a defendant's Sixth Amendment right to trial by jury.
6 Cunningham, 549 U.S. at 293. This case cannot provide a new triggering date, however, because
7 the Supreme Court has not found its holding to be retroactive, which is a necessary predicate to
8 the application of 28 U.S.C. § 2244(d)(1)(c). See Dodd v. United States, 545 U.S. 353, 358
9 (2005) (construing identical language in section 2255 as expressing clear congressional intent
10 that delayed accrual is inapplicable unless the Supreme Court itself has made the new rule
11 retroactive); see also Butler v. Curry, 528 F.3d 624, 639 (9th Cir.), cert. denied, 129 S.Ct. 767
12 (2008) (Cunningham did not create a new rule of law). The court in Butler reiterated the rule
13 announced in Blakely v. Washington, 542 U.S. 296 (2004), that a defendant's Sixth Amendment
14 right to trial by jury is violated by a trial court's failure to submit to a jury and prove beyond a
15 reasonable doubt any fact, other than the fact of a prior conviction, that increases the penalty for a
16 crime beyond the prescribed statutory maximum. Butler, 528 F.3d at 636. However, Blakely
17 may not be applied retroactively to decisions that were final before Blakely was decided. See
18 Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005); see also LD 4. Therefore, Blakely,
19 decided in 2004, may not be applied retroactively to petitioner's 2001 conviction.[2]

20        In his opposition, petitioner also appears to claim he was not advised of the right
21 to counsel at a probation report interview and a psychiatric report interview, "therein denying
22 petitioner counsel at all stages of the proceedings after arraignment and the indictment." (Opp'n
23 at 1.) However, his state court petition reflects petitioner was represented by counsel: Mr. Elliot

---

[2] Moreover, although not relevant to the statute of limitations analysis, substantive reliance on Apprendi v. New Jersey, 530 U.S. 466 (2000), within the Cunningham line of cases, is also unavailing, as it does not apply to negotiated pleas. See Blakely, 542 U.S. at 310.

Burick for trial and the plea, and by Ms. Pearl c/o Stephen C. Kennedy's Office, for sentencing. (Pet. at 9.) The exhibits provided by petitioner reflect that the probation report interview was for pre-sentencing investigation after petitioner's plea of guilty was entered. (Opp'n at 2.) Petitioner also claims trial counsel advised petitioner he had no Sixth Amendment or jurisdictional grounds to appeal, but the record reflects petitioner filed an appeal and the appellate court appointed counsel to represent petitioner on appeal. (LD 2.) In any event, petitioner has failed to demonstrate how his allegations regarding counsel impacted his ability to timely file his federal petition.

The court turns now to the doctrine of equitable tolling. To be entitled to equitable tolling, petitioner bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Here, petitioner has not demonstrated that he has pursued his claims diligently. Petitioner waited over seven years between the denial of his petition in the California Court of Appeal and the date he filed the instant petition. Petitioner has not satisfied his burden of establishing that he acted diligently in filing his federal petition. Petitioner has also failed to demonstrate that he encountered extraordinary circumstances that prevented him from filing his federal petition in a timely fashion. Petitioner is therefore not entitled to equitable tolling, and respondent's motion to dismiss is granted as this action is time-barred.

Accordingly, IT IS HEREBY ORDERED that respondent's June 21, 2010 motion to dismiss (dkt. no. 12) is granted and the Clerk of Court shall close this file.

DATED: September 9, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lowe0010.mtd